UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL ACTION |
| VERSUS | |
| DERRICK REYMOND ROBINSON | NO.; 17-44-BAJ-EWD |

## RULING AND ORDER

Before the court is the Government's **Motion for Pre-Trial Ruling Regarding the Admission of Certain Intrinsic and Extrinsic Evidence at Trial (Doc. 28)**. The Government seeks to admit, as intrinsic evidence, investigative background information concerning a cooperating witness ("CW").[1] Defendant opposes the Motion (Doc. 34). The Court held a hearing on this matter. For the reasons that follow, the Government's request is DENIED.

### I. BACKGROUND

An undercover police investigation ultimately led to the issuance of a search warrant for a house located in Baton Rouge. (Doc. 28-1 at p. 1). During the search, officers found a number of drugs in a bedroom allegedly used by Defendant. (Doc. 28-1 at p. 2). Defendant faces three charges: possession with intent to distribute a substance containing heroin, possession with intent to distribute marijuana, and possession with intent to distribute 500 grams or more of a substance containing methamphetamine, all in violation of 21 U.S.C. § 841(a)(1). (Doc. 4 at pp. 1–2).

---

[1]The Court previously issued a bench ruling regarding the admissibility of some of the Defendant's prior convictions under Federal Rule of Evidence 404(b).

1

## II. DISCUSSION

The Government seeks to introduce background information concerning the events leading up to the execution of the search warrant on Defendant's residence. (Doc. 28-1 at 3). The most consequential of which are statements made by a CW who will not testify at trial. Specifically, the Government wishes to elicit testimony that a CW informed officers that a black male, in his mid-to-late thirties, known as "Dirt," and residing at a certain address in Baton Rouge, was selling drugs from his residence. (Doc. 28-1 at p. 1). It seeks to offer statements about the investigative process that officers used to identify two individuals at the address who fit the CW's description. (Doc. 28-1 at p. 1). It further seeks to proffer testimony concerning the showing of photographs to the CW and the CW identifying Defendant from those photographs. (Doc. 28-1 at p. 1). Finally, it requests to introduce testimony that a CW performed a controlled drug purchase at the house, which resulted in a search warrant. (Doc. 28-1 at pp. 1–2). The Government argues that such evidence is mere background information necessary to complete the story. *See, e.g., United States v. Coleman*, 78 F.3d 154, 156 (5th Cir. 1996).

Defendant insists that much of the evidence would be hearsay. (Doc. 34 at pp. 3–4). Moreover, Defendant argues that information provided to the Government by the CW would be testimonial in nature and therefore violate the Confrontation Clause of the Sixth Amendment. (Doc. 34 at p. 4).[2]

---

[2] At a hearing, Defendant pointed out that some documents refer to the nickname "Dirt," while others refer to the nickname "Dirk." (*Compare* Doc. 25-1 at p. 3; *with* Doc. 25-3 at p. 4). The nickname has no bearing on the Court's analysis.

Although the Government is correct that it may introduce information that explains why the Government began an investigation, *see United States v. Parker*, 133 F.3d 322, 328 (5th Cir. 1988), the Government does not have unfettered discretion to introduce otherwise impermissible testimony, *see United States v. Sudeen*, 434 F.3d 384, 389 (5th Cir. 2005). The Government relies heavily on *United States v. Carrillo*, 20 F.3d 617 (5th Cir. 1994), for the proposition that the Court should allow in information from the CW to come in as background information and not exclude it on hearsay grounds.[3] In *Carrillo*, an anonymous complaint indicated that an individual named "Tito" was selling drugs out of a house. *Id.* at 619. As a result, a detective—who testified at trial—performed an undercover drug buy at the location. *Id.* During the drug buy, the detective asked two men for "Tito" and the men directed the detective to Carrillo, whom he later identified by looking at a police "mug book." *Id.* The Fifth Circuit ruled that the anonymous call and the two men pointing to Carrillo were not introduced for the truth of the matter asserted. *Id.* at 319–320. Rather, the statements were presented to explain why the detective went to that location and why he asked for a man named "Tito." *Id.* Importantly, it does not appear that the Government ever attempted to prove that Carrillo went by the nickname "Tito" in order to prove that he was in fact the person dealing drugs.

Here, the breath of the information from a non-testifying witness and the purpose for which it is being introduced distinguishes *Carrillo*. At a hearing, the

---

[3] *Carrillo* was also decided well before the Supreme Court's decision in *Crawford v. Washington*, 541 U.S. 36 (2004), "significantly changed Confrontation Clause doctrine." *Fratta v. Quarterman*, 536 F.3d 485, 490 (5th Cir. 2008).

Government indicated that it intends to link the nickname "Dirt" to the Defendant at trial. Considering that the Government seeks to prove that the man named "Dirt" possessed drugs, this testimony is more than mere background information about the investigation. It is being introduced for the truth of the matter asserted, that the man nicknamed "Dirt" sold drugs. *See* Fed. R. Evid. 801(c), 802; *United States v. Hernandez*, 750 F.2d 1256, 1257 (5th Cir. 1985). Similarly, the Government would have an identification of the Defendant through a line-up, and an identification of the Defendant during a controlled purchase come into evidence to demonstrate that the drugs found belonged to Defendant.[4]

Moreover, testimony by an officer about the conversations he had with the CW would run afoul of the Confrontation Clause. *See United States v. Duron Caldera*, 737 F.3d 988, 992 (5th Cir. 2013) (providing that the Confrontation clause bars "testimonial statements of a witness who did not appear at trial unless he was unavailable to testify, and the defendant had [] a prior opportunity for cross-examination" (quoting *Crawford*, 541 U.S. at 53–54)). "Police officers cannot, through their trial testimony, refer to the substance of statements given to them by nontestifying witnesses in the course of their investigation, when those statements inculpate the defendant." *Taylor v. Cain*, 545 F.3d 327, 335 (5th Cir. 2008). The CW's statements to law enforcement, identifying Defendant through his past conduct are

---

[4] Even if these statement were not introduced for the truth of the matter asserted, the fact that the Government seeks to tie Defendant to the nickname "Dirt" renders it highly prejudicial. *See Carrillo*, 20 F.3d at 620. ('The more directly an out-of-court declaration implicates the defendant, the greater the prejudice."). Thus, the Court would exclude the testimony under Rule 403.

4

testimonial in nature and therefore implicate the Confrontation Clause. *See Brown v. Epps*, 686 F.3d 281, 286–87 (5th Cir. 2012)

### III. CONCLUSION

Accordingly,

**IT IS ORDERED** that the Government's Motion (Doc. 28) is **DENIED**

Baton Rouge, Louisiana, this 5th day of September, 2017.

_____
BRIAN A. JACKSON, CHIEF JUDGE
UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

5